IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 09-00169-01-CR-W-SOW |
| | ) | |
| VERLYN T. WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Before the court is Defendant's Motion to Suppress Evidence on grounds that the evidence was seized in violation of the Fourth and Fourteenth Amendments. Defendant moves the Court to suppress the firearm recovered from the June 29, 2008, traffic stop, arguing that it was not seized pursuant to a warrant or a recognized exception to the warrant requirement.

## *I. BACKGROUND*

On June 29, 2008, Kansas City, Missouri Police Officer Blake Groves conducted a license plate check on the vehicle Defendant was driving. Upon learning the license plate did not match the vehicle, Officer Groves performed a traffic stop. Officer Groves smelled a strong odor of marijuana as he approached the vehicle. Accordingly, Officer Groves removed Defendant, obtained consent and searched the vehicle. The search revealed a loaded firearm behind the center instrument panel. Defendant was then placed under arrest.

An indictment was returned on May 20, 2009, charging Defendant with being a felon in possession of a firearm. On April 23, 2010, Defendant filed a motion to suppress evidence (Doc.

1

No. 39). The government responded to Defendant's motion on April 29, 2010 (Doc. No. 42). I conducted an evidentiary hearing on May 11, 2010. The government appeared by Assistant United States Attorney David DeTar Newbert. Defendant was present, represented by retained counsel Scott Rosenblum and Adam Fein. The government called Kansas City, Missouri Police Officer Blake Groves to testify. In addition, the following exhibits were marked and admitted into evidence:

    Government's Exhibit 1:    Tow-In Report
    Government's Exhibit 2:    Video from June 29, 2008 traffic stop
    Government's Exhibit 3:    Photo showing dashboard panel
    Government's Exhibit 4:    Photo showing recovered .45-caliber handgun

On May 12, 2010, defense counsel informed me Defendant was not seeking to suppress Defendant's statement concerning a prior felony conviction (See Doc. No. 46).

## *II. EVIDENCE*

On the basis of the evidence presented at the suppression hearing, I submit the following findings of fact:

    1.    On June 29, 2008, Kansas City, Missouri Police Officer Blake Groves was on patrol duty with his partner Officer Hunt (Tr. at 3-4). While on duty, Officer Groves conducted a license plate check on a black Dodge SUV as a matter of routine course (Tr. at 4, 29). The check revealed the plates belonged to a Pontiac (Tr. at 4). Upon learning the plates did not mach the Dodge SUV, the officers conducted a traffic stop (Tr. at 4-5).

    2.    As Officers Groves and Hunt approached the Dodge SUV, Officer Groves smelled a strong odor of unburnt marijuana coming from inside the vehicle (Tr. at 5, 10, 21-22). The officers did not observe any furtive movements (Tr. at 44).

    3.    Officer Groves testified that in the course of his duties as a police officer, he had

dealt with marijuana on several hundred occasions. (Tr. at 5, 47). He was, thus, very familiar with the smell (Tr. at 5).

    4.    Based on his training and Kansas City, Missouri Police Department procedures, Officer Groves removed Defendant - who was the driver and sole occupant of the vehicle (Tr. at 5, 21-22). In situations such as this, Officer Groves was trained to immediately place the suspect in custody for officer safety and so that he could complete the investigation without worrying about an attack (Tr. at 5, 22).

    5.    Officer Groves testified that as a matter of course, each time he approaches a vehicle and smells marijuana he removes the occupant from the car and handcuffs them behind their back (Tr. at 47-48).

    6.    Defendant was detained in handcuffs and seated on the curb (Tr. at 34, 43, 64-65; Exh. 1). An armed officer stood next to Defendant (Tr. at 48).

    7.    When an individual does not have a valid licence plate, they are generally not permitted to drive the vehicle away from the location of the stop (Tr. at 18, 60-61). Instead, the vehicle is towed to the city tow lot (Tr. at 18). Prior to the tow, however, officers conduct an inventory search to ensure there is not any contraband or items of value located inside the vehicle (Tr. at 13, 21). Officers are permitted to be observant during the search of any evidence of crimes that might be present (Tr. at 19).

    8.    Officer Groves asked Defendant for consent to search the vehicle (Tr. at 6). He testified he did so out of courtesy (Tr. at 6). Defendant provided verbal consent (Tr. at 6-7, 22). Officer Groves testified he would have searched the vehicle, regardless of whether he obtained consent (Tr. at 53).

9. The officers searched the vehicle for correct registration and the source of the marijuana smell (Tr. at 7, 23). Officer Groves began searching the interior of the vehicle, and looked under the floorboards, under the seat, and in the glove box for a registration (Tr. at 7-8). He checked under the mats, along the side of the car and looked to see if there were any false compartments (Tr. at 56). He testified people often hide valuables out of sight in vehicles (Tr. at 21). Officer Groves also checked the steering column to determine if the vehicle was stolen (Tr. at 7). The fastener openings on the center instrument panel were extremely worn, causing Officer Groves to believe the panel had been removed numerous times (Tr. at 9-10). When Officer Groves made contact with the panel, the panel moved (Tr. at 8). He pulled gently on the panel and it fell forward to where it was hanging by the wires (Tr. at 8, 19-20).

10. Officer Groves located a .45-caliber HK semi-automatic handgun and an empty holster within one minute of beginning the search (Tr. at 8-9, 54). The gun and holster were in a small compartment behind where the instrument panel had been affixed (Tr. at 8-9). Officer Groves first saw the gun and holster when the instrument panel fell forward (Tr. at 63). The handgun was loaded (Tr. at 9).

11. Officer Groves found a black trash bag in the rear seat of the vehicle (Tr. at 10). This bag was the source of the marijuana smell (Tr. at 10). There was not any marijuana in the bag, however (Tr. at 10, 27-28, 44-45).

12. Officer Groves also noticed a strong smell of cologne in the bag, as well as in the interior of the vehicle (Tr. at 10). A bottle of cologne and numerous air fresheners were found inside the vehicle (Tr. at 10-11, 45). Officer Groves testified it was common for people to attempt to mask the smell of illegal drugs either with cologne, air fresheners, Febreze or Lysol (Tr. at 11).

13. Officer Groves did not find proper vehicle registration or other license plates inside the vehicle (Tr. at 7).

14. Defendant never objected to the search or withdrew his consent (Tr. at 23). He was completely cooperative throughout the entire search (Tr. at 23).

15. Officer Groves and completed a tow-in report following his search of the vehicle (Tr. at 13; Exh. 1).

16. The officers ran a computer check on Defendant and learned he was a convicted felon (Tr. at 11-12, 21). They then placed him under arrest for being a felon in possession of a firearm (Tr. at 12, 21). A search of Defendant's person incident to arrest revealed over $1,300 cash in his pockets (Tr. at 12, 66-67).

17. Kansas City, Missouri Police Department procedures allow officers to tow the vehicle when they arrest the sole occupant of a vehicle on a public roadway (Tr. at 12).

### III. LEGAL ANALYSIS

Defendant makes a Fourth Amendment challenge to the firearm recovered from the Dodge SUV, arguing that the search does not fall within any of the exceptions to the warrant requirement. I disagree. Specifically, the search of the vehicle was constitutionally permissible as the search: (1) was performed pursuant to Defendant's consent; (2) falls within the automobile exception to the warrant requirement; and (3) was used to inventory the vehicle before it was towed. Each will be discussed in detail below.

### Consent

One exception to the Fourth Amendment's warrant requirement is voluntary consent to search. United States v. Parker, 587 F.3d 871, 878 (8th Cir. 2009). "Consensual searches do not

violate the Fourth Amendment 'because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so.'" United States v. Williams, 521 F.3d 902, 906 (8th Cir. 2008)(quoting Florida v. Jimeno, 500 U.S. 248, 250-51 (1991)). The court determines "whether consent was voluntary under the totality of the circumstances." United States v. Esquivel, 507 F.3d 1154, 1159 (8th Cir. 2007). "The Government bears the burden of proving voluntary consent by a preponderance of the evidence and must show that the defendant behaved in such a manner that the officer reasonably believed that the search was consensual." Id.

Although Defendant in this case argues that he did not give consent, there is no evidence to support this argument. To the contrary, Officer Groves testified that Defendant provided verbal consent to search the vehicle. Moreover, Defendant – as the sole occupant of the vehicle – had authority to consent to the search. See United States v. Eldridge, 984 F.2d 943, 948 (8th Cir. 1993)("The driver of a car has the authority to consent to a search of that vehicle."). There is no evidence of coercion. Officer Groves described Defendant as very cooperative and stated he never objected to the search or withdrew consent. Defendant's motion to suppress should, therefore, be denied.

**Automobile Exception**

An alternative, independent ground for denial of Defendant's motion to suppress is the automobile exception to the Fourth Amendment's warrant requirement. Under the automobile exception, law enforcement officers can "search a vehicle without a warrant of they have probable cause to believe the vehicle contains evidence of criminal activity." United States v. Davis, 569 F.3d 813, 816 (8th Cir. 2009)(quoting United States v. Hill, 386 F.3d 855, 858 (8th Cir. 2004)). The odor of an illegal drug can establish probable cause. See, e.g., Davis, 569 F.3d at 817-18; United States

v. McCoy, 200 F.3d 582, 584 (8th Cir. 2000); United States v. Peltier, 217 F.3d 608, 610 (8th Cir. 2000); United States v. Neumann, 183 F.3d 753, 756 (8th Cir. 1999); United States v. Caves, 890 F.2d 87, 90 (8th Cir. 1989).

In this case, Officer Groves stopped Defendant for operating a vehicle without a valid license plate. As he was approaching the vehicle, Officer Groves smelled a strong odor of unburnt marijuana coming from inside the vehicle. Officer Groves testified at the suppression hearing that he had dealt with marijuana on several hundred occasions in the course of his duties as a police officer and was very familiar with the smell. The smell of marijuana constitutes probable cause to search the vehicle. Accordingly, Defendant's motion to suppress should be denied.

### Inventory Search

When taking custody of property, "law enforcement officers may conduct a warrantless search and inventory in order to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect police from potential danger." United States v. Hartje, 251 F.3d 771, 775 (8th Cir. 2001). "The presence of an investigative motive does not invalidate an otherwise valid inventory search." United States v. Garner, 181 F.3d 988, 997 (8th Cir. 1999); see also Hartje, 251 F.3d at 775-76.

In this case, Defendant was stopped for operating a vehicle without a valid license plate. Officer Groves testified that when an individual is stopped for this reason, the individual is generally not allowed to drive the vehicle away from the location and the vehicle is, instead, towed. Officer Groves further testified that Kansas City, Missouri Police Department procedure dictates that an inventory search be completed prior to a vehicle being towed. Officers are permitted to be observant of any evidence of crimes that might be present. Officer Groves began searching the vehicle and

7

noticed that the fastener openings on the center instrument panel were extremely worn. This wear, coupled with the ease with which the cover fell off, caused Officer Groves to believe that the compartment behind the instrument panel had been accessed numerous times. He testified that people often hide valuables out of sight in vehicles. Officer Groves was not required to ignore this evidence.

This case is distinguishable from United States v. Best, in which the Eighth Circuit held an inventory search exceeded the permissible scope when officers removed the inside door panel from a car. 135 F.3d 1223, 1225 (8th Cir. 1998). As stated above, Officer Groves made contact with the instrument panel while searching the vehicle, and the panel moved. A gentle pull caused the entire panel to fall forward. Officer Groves was then able to see the gun and holster. Neither flashlight illumination nor a forceful removal were required to discover the contraband. The inventory search of Defendant's vehicle does not run afoul to the Fourth Amendment.

For the above-stated reasons, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying Defendant's Motion to Suppress Evidence. Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained. Failure to file and serve timely specific objections may result in waiver of the right to appeal factual findings made in the report and recommendation which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 7, 2010